#3    15 BH/BSC

AO 241 (Rev. 09/17)

No Fee / No IFP
Case 2:22-cv-346

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Western |
|---|---|

| Name (under which you were convicted): Christopher Freeman | Docket or Case No.: CP-02-CR-0015155-2010 |
|---|---|

| Place of Confinement: SCI-Pine Grove 191 Fyock Rd. Indiana, PA. 15701 | Prisoner No.: #KD6087 |
|---|---|

| Petitioner (include the name under which you were convicted) Christopher, Freeman | Respondent (authorized person having custody of petitioner) v. Superintendent Gilstock |
|---|---|

| The Attorney General of the State of: Pennsylvania |
|---|

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Court of Common Pleas of Allegheny County
    Criminal Division

    (b) Criminal docket or case number (if you know): CP-02-CR-0015155-2010

2.  (a) Date of the judgment of conviction (if you know): October 25, 2012

    (b) Date of sentencing: January 9th, 2013

3.  Length of sentence: Life imprisonment

4.  In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    murder of the second Degree
    Robbery of Motor vehicle
    burglary
    conspiracy - Burglary

6.  (a) What was your plea? (Check one)

    ☑ (1)  Not guilty         ☐ (3)  Nolo contendere (no contest)
    ☐ (2)  Guilty             ☐ (4)  Insanity plea

**RECEIVED**

FEB 25 2022

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

Page 2 of 16

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _N/A_

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: _Pennsylvania Superior Court_

(b) Docket or case number (if you know): _CP.02-CR-0015155-2010_

(c) Result: _Denied_

(d) Date of result (if you know): _July 30, 2015_

(e) Citation to the case (if you know): _No. 866 WDA 2013_

(f) Grounds raised: _1.) Trial Counsel erred in denying motion to suppress statements that violated Miranda Rights 2.) Trial Court erred for not allowing cross-examination of witness prior convictions 3.) Trial Counsel Court erred for prohibiting counsel from impeaching witness about a fundamental letter submitted to a federal judge_

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following: _N/A_

(1) Name of court: _N/A_

(2) Docket or case number (if you know): _N/A_

(3) Result: _N/A_

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _N/A_

(5) Citation to the case (if you know): _N/A_

(6) Grounds raised: _N/A_

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following: _N/A_

(1) Docket or case number (if you know): _N/A_

(2) Result: _N/A_

(3) Date of result (if you know): _N/A_

(4) Citation to the case (if you know): _N/A_

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: _Court of Common Pleas of Allegheny County_

(2) Docket or case number (if you know): _CP-02-CR-0015155-2010_

(3) Date of filing (if you know): _December 4, 2015_

(4) Nature of the proceeding: _PCRA_

(5) Grounds raised: _1.) Trial Counsel failed to seek exclusion of evidence introduced by detectives testimony_
_2.) Trial Counsel failed to properly preserve on appellate review improper jury instruction_
_3.) Trial counsel failed to seek dismissal based on Rule 600 speedy trial violation_

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes   ☐ No

(7) Result: _denied_

AO 241 (Rev. 09/17)

(8) Date of result (if you know): January 18, 2017

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Court of Common Pleas of Allegheny County

(2) Docket or case number (if you know): CP-02-CR-0015155-2010

(3) Date of filing (if you know): March 14, 2017

(4) Nature of the proceeding: PCRA (Second Amended PCRA petition)

(5) Grounds raised: 1.) Trial counsel ineffective for failing to timely regret to the introduction of prior convictions of witness to prove notice

2.) Trial Counsel ineffective for failing to timely challenge improper jury instruction.

3.) Trial Court lacked statutory authorization of life w/o parole under 2502(B) second Degree Murder statue.

4.) Counsel ineffective for unreasonable advice not to testify (6/15/12).

5.) Trial Court unlawfully imposed costs of prosecution

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: Dismissed w/o a hearing

(8) Date of result (if you know): October 18, 2017

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Court of Common Pleas of Allegheny County

(2) Docket or case number (if you know): CP-02-CR-0015155-2010

(3) Date of filing (if you know): March 7, 2018 (Amended by Counsel 12/15/20)

(4) Nature of the proceeding: PCRA (After-discovered evidence).

(5) Grounds raised:

* exculpatory affidavit received by a witness claiming prosecutor's sole witness had something to do with homicide which concealed motive for prosecutor's witness to frame petitioner.

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _(Still pending)_

(8) Date of result (if you know): _(still pending)_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☑ No

(2) Second petition:    ☑ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☑ No    _(still pending)_

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_The first petition was dismissed, but petitioner moved for re-filing petitions because PCRA's counsel ineffectiveness. Third petition is still pending_

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE: _Trial Counsel ineffective for failing to timely challenge improper jury instructions that deprived petitioner of a fair trial_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_(see Memorandum of Law)_

(b) If you did not exhaust your state remedies on Ground One, explain why: _N/A_

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

       (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes  ☑ No

       (2) If you did not raise this issue in your direct appeal, explain why: _Appellate Counsel Denrel_ _Eichinger of the public Defender's office, failed to raise on_ _direct appeal_

(d) **Post-Conviction Proceedings:**

       (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ☑ Yes  ☐ No

       (2) If your answer to Question (d)(1) is "Yes," state:

       Type of motion or petition: _PCRA petition_

       Name and location of the court where the motion or petition was filed: _Court of Common Pleas_ _of Allegheny County, Criminal Division, Pittsburgh, Pennsylvania_

       Docket or case number (if you know): _CP-02-CR-0015155-2010_

       Date of the court's decision: _July 11, 2017_

       Result (attach a copy of the court's opinion or order, if available): _(see attached)_ _(see exhibit #2_

       (3) Did you receive a hearing on your motion or petition?   ☐ Yes  ☑ No

       (4) Did you appeal from the denial of your motion or petition?   ☑ Yes  ☐ No

       (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes  ☐ No

       (6) If your answer to Question (d)(4) is "Yes," state:

       Name and location of the court where the appeal was filed: _Superior Court of Pennsylvania_

       Docket or case number (if you know): _CP-02-CR-0015155-2010 / 1660 WDA 2017_

       Date of the court's decision: _August 29, 2018_

       Result (attach a copy of the court's opinion or order, if available): _(see attached_

       (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

       _N/A_

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _N/A_

**GROUND TWO:** _Petitioner's Counsel was ineffective during trial for failing to introduce prior convictions of witness to prove motive_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_(see Memorandum of Law attached)_

(b) If you did not exhaust your state remedies on Ground Two, explain why: _N/A_

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: _According to state law at this time, I was prohibited from raising trial counsel's ineffectiveness on direct Appeal_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _PCRA petition_

Name and location of the court where the motion or petition was filed: _Court of Common Pleas of Allegheny County Pittsburgh, Pennsylvania_

Docket or case number (if you know): _CP-02-CR-0015155-2012_

AO 241 (Rev. 09/17)

Date of the court's decision: July 11, 2017

Result (attach a copy of the court's opinion or order, if available): (see attached)

(see exhibit #2)

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Superior Court of Pennsylvania

Docket or case number (if you know): CP-02-CR-0015155-2010 / 1660 WDA 2017

Date of the court's decision: August 29, 2018

Result (attach a copy of the court's opinion or order, if available): (see attached)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : N/A

**GROUND THREE:** Trial court imposed a life sentence w/o parole under

2502(B) statute lacking authorization which violated Ex post facto clause and Const. Auth.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(see attached Memorandum of Law)

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: *N/A*

(c)  **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: *Direct appeal Counsel had failed to raise this claim*

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *PCRA petition*

Name and location of the court where the motion or petition was filed: *Court of Common Pleas of Allegheny County, Pittsburgh, Pennsylvania*

Docket or case number (if you know): *CP-02-CR-0015155-2010*

Date of the court's decision: *July 11, 2017*

Result (attach a copy of the court's opinion or order, if available): *(see attached)*

*(see exhibit #2)*

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Superior Court of Pennsylvania*

Docket or case number (if you know): *CP-02-CR-0015155-2010/1660 WDA 2017*

Date of the court's decision: *August 29, 2018*

Result (attach a copy of the court's opinion or order, if available): *(see attached)*

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:    N/A

**GROUND FOUR:** PCRA trial counsel ineffective for giving unreasonable advice to petitioner, which resulted in depriving constitutional right to testify

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(see attached)

(b) If you did not exhaust your state remedies on Ground Four, explain why:    According to the Superior Court opinion on the PCRA appeal, it is deemed waived because it was not timely filed with the PCRA court, even though PCRA Court's opinion never considered claim untimely (see PCRA opinion and Superior Court opinion

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:    Because at this time trial counsel's ineffectiveness could only be presented on the PCRA appeal

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    PCRA

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _Court of Common Pleas_
_of Allegheny County Pittsburgh, Pennsylvania_

Docket or case number (if you know): _CP-02-CR-0015155-2010_

Date of the court's decision: _July 11, 2017_

Result (attach a copy of the court's opinion or order, if available): _( see attached)_
_( see exhibit #2)_

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Superior Court of Pennsylvania_

Docket or case number (if you know): _CP-02-CR-0015155-2010 / 1660 WDA 2017_

Date of the court's decision: _August 29, 2018_

Result (attach a copy of the court's opinion or order, if available): _( see attached)_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
_N/A_

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four: _N/A_

AO 241 (Rev. 09/17)

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?  ☑ Yes  ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:  _N/A_____

_____

_____

(b)  Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

Yes, (petitioner seeks after receipt of petition to amend

and incorporate additional PCRA counsel ineffectiveness claim

under Martinez exception to be reviewed

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?  ☐ Yes  ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.  _N/A_____

_____

_____

_____

_____

_____

_____

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?  ☑ Yes  ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.  Court of Common Pleas of Allegheny County, Pittsburgh, Pennsylvania;

proceeding; PCRA petition seeking new evidence claims: claim:

whether exculpatory affidavit of witness implicating prosecutor's

only witness in homicide is after-discovered evidence shedding

light on petitioner's innocence.

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: Robert L. Foreman (Public Defender's office, Pittsburgh, Pennsylvania)

(b) At arraignment and plea: Robert L. Foreman (Public Defender's office, pittsburgh, Pennsylvania)

(c) At trial: Robert L. Foreman (Public Defender's office, pittsburgh, Pennsylvania)

(d) At sentencing: Robert L. Foreman (Public Defender's office pittsburgh, Pennsylvania)

(e) On appeal: Daniel J. Eichinger (Public Defender's office, pittsburgh, Pennsylvania)

(f) In any post-conviction proceeding: Ryan James (Appointed PCRA Counsel) 1514 Lincoln, White Oak, PA - 15131

(g) On appeal from any ruling against you in a post-conviction proceeding: Petitioner appealed pro se

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?    ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:    N/A

(c) Give the length of the other sentence:    N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?    ☑ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The petition is timely

AO 241 (Rev. 09/17)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _vacating of sentence, remand,_
_new trial_

or any other relief to which petitioner may be entitled.

_N/A_
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _February 21, 2022_ (month, date, year).

Executed (signed) on _February 21, 2022_ (date).

_Christopher Johnson_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_N/A_